UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE CO.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MAISON REEVES HOMEOWNERS ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 17-CV-1704-AB (GJSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff Ironshore Specialty Insurance Company's ("Ironshore") Motion to Remand, filed March 24, 2017. (Dkt. No. 8.) Defendant Everest Indemnity Insurance Company ("Everest") filed an opposition on April 3, 2017, and Ironshore filed a reply on April 10, 2017. (Dkt. Nos. 9, 10.) Having carefully considered the arguments and materials submitted, the Court deems this motion appropriate for decision without oral argument. *See* C.D. L.R. 7-15. For the following reasons, the Court **GRANTS** Ironshore's motion and remands the case to Los Angeles County Superior Court.

///

1

## I. BACKGROUND

This case arises from alleged construction defects in a condominium development located at 261 Reeves Drive in Beverly Hills, California. (Dkt. No. 1-1, Notice of Removal ("NOR") Ex. A at 5, 7.) The Maison Reeves Homeowners' Association ("HOA") originally sued in Los Angeles County Superior Court the developer, Pacific Northstar Reeves ("PNR"), and various contractors and subcontractors, including Avoca USA, Inc. ("Avoca"), for the defects (hereinafter referred to as "the defect cases" or "the construction defect cases"). (*See id.* at 208.) Some defendants in the defect cases are citizens of California, including Pacific Northstar Property Group, LLC, a defendant not named in the coverage action. (*Id.* at 209.) Ironshore intervened in these construction defect cases as the insurer for PNR and Avoca, entities which at some point had their corporate statuses suspended by the state of California.

On March 22, 2016, Ironshore filed a separate action alleging eighteen causes of action for declaratory relief against Thomas Henry Coleman,[1] PNR, Avoca, the HOA as a third-party claimant to the insurance policies, and Everest. Ironshore sought a judicial determination of the rights and duties of Everest and Ironshore as insurers under various insurance agreements related to the construction of the Reeves property (hereinafter referred to as "the coverage case"). On June 10, 2016, the court consolidated this case with the construction defect cases. (Dkt. No. 1-9, NOR Ex. A at 2062.) The order specifically stated, "The Court finds BC558992, BC610856 and BC614431 related within the meaning of CA Rule of Court 3.300. Cases are ordered transferred forthwith to Department 62, Judge Michael Stern. The Court further orders the cases consolidated this date. Case BC558992 is designated to be the lead

---

[1] Thomas Henry Coleman was appointed receiver for the Reeves property and was later effectively deemed immune from suit by the receivership court. (*See* Dkt. No. 1-1, Ex. A at 174.) In light of the receivership order, Coleman was dismissed from the defect and coverage actions. (*See* Dkt. No. 1-3, NOR Ex. A at 653; Dkt. No. 1-10, NOR Ex. A at 2280.)

2

case. No further pleadings shall be filed in cases BC610856 and BC614431." (*Id.*)

The parties engaged in extensive motion practice in the coverage portion of the consolidated action. Everest filed a demurrer, which the court overruled. (Dkt. No. 1-9, NOR Ex. A at 2066.) At that time, the court set a trial date for April 24, 2017. (Dkt. No. 1-9, NOR Ex. A at 2085.) Among other motions in the coverage action, Ironshore filed a motion for summary adjudication, and Everest filed a motion for summary judgment. (*See* Dkt. No. 1-5, NOR Ex. A at 946-98; Dkt. No. 1-8, NOR Ex. A at 1756.) At no point did Everest challenge the consolidation order.

In addition, the HOA filed a motion to bifurcate the coverage action and trial from the construction defect actions and trial and argued the defect actions should proceed to trial before the coverage action. (Dkt. No. 1-9, NOR Ex. A at 2138-39.) In response, Ironshore filed a motion to bifurcate the actions and order separate trials, but argued instead the coverage action should proceed to trial before the defect actions. (*See* Dkt. No. 1-9, NOR Ex. A at 2090.) On February 2, 2017, the court granted the HOA's motion and denied Ironshore's. (Dkt. No. 1-10, NOR Ex. A at 2380.) The court did not indicate whether it intended to completely sever the coverage action from the defect actions, or whether it simply ordered separate trials in the still-consolidated case.

The HOA also filed a motion for judgment on the pleadings, arguing the complaint for declaratory relief in the coverage action failed to state a claim against it. (*See* Dkt. No. 1-9, NOR Ex. A at 2119.) The court granted this motion as to the entire complaint. (Dkt No. 1-10, NOR Ex. A at 2380.) In Everest's view, the court's dismissal of the HOA, the last remaining California defendant, rendered the coverage action removable to federal court. According to Everest, PNR and Avoca, as suspended California corporations, are nominal defendants whose citizenship is disregarded for purposes of the diversity jurisdiction analysis. On this basis, Everest filed a Notice of Removal as to the coverage action only.

Upon receipt of the Notice of Removal of the coverage action, the state court

3

judge dismissed all three actions, including the defect actions, without prejudice. (Dkt. No. 9-8, Declaration of Michael A. Miller in support of Defendant Everest Indemnity Insurance Company's Opposition to Plaintiff's Motion to Remand ("Miller Decl.") ¶ 38.) At that point, the HOA filed an *ex parte* application to set aside the dismissal of the entire action so that the construction defect actions could proceed in state court while the coverage action presumably pended in federal court. (Miller Decl. ¶ 39, Ex. 21.) As the HOA explained in that application, the court "unilaterally issued the Dismissal Order, thereby dismissing the entire Consolidated Action without prejudice based on Everest's Notice of Removal. In doing so, it appears as though the Court may have mistakenly lumped the Underlying Construction Defect Actions together with the Coverage Action for purposes of the dismissal." (*Id.* at 5.) The HOA therefore sought an order "setting aside its order dismissing the entire Consolidated Action in favor of an order dismissing without prejudice only the Coverage Action, thereby maintaining jurisdiction over the two Underlying Construction Defect Actions." (*Id.*) The court declined to grant this request. Instead, the court ordered the parties to stipulate to the desired relief and submit a proposed order. (Miller Decl. ¶ 46, Ex. 22.) Ironshore's counsel declined to stipulate, and it appears the construction defect actions have not since been reinstated in state court. (Miller Decl. ¶ 48, Ex. 24.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). A removed action must be remanded to

state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." But such a case is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A party may file a notice of removal "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, in no event may a case be removed more than one year after the commencement of an action. 28 U.S.C. § 1446(c)(1).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, No. CV 14-9128-PA-PLAx, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "The appropriateness of removal is adjudicated based on the complaint at the time the removal petition is filed." *Rita v. Cypress Sec., LLC*, 184 F. Supp. 3d 768, 771 (N.D. Cal. 2016).

**III. DISCUSSION**

Ironshore argues this case should be remanded for the following reasons: (1) the state court consolidated this case with two related cases in which California citizens are defendants, and the presence of these defendants bars removal under 28 U.S.C. § 1441(b)(2); (2) the state court's dismissal of the HOA did not render this case

1 removable because the dismissal was not a voluntary act by Ironshore; and (3)
2 Defendants PNR and Avoca are not fraudulently joined or nominal parties, such that
3 their citizenship must be considered when determining whether the presence of forum
4 defendants bars removal. Ironshore also seeks an award of costs and expenses as a
5 result of the removal.

The Court finds Everest has not met its burden to demonstrate the Court has removal jurisdiction in light of the underlying consolidation, and accordingly, does not reach the remaining arguments in support of remand. The Court also denies Ironshore's request for costs and expenses.

### A. Whether the State Court Consolidated the Coverage and Defect Cases for All Purposes Such that the Presence of Forum Defendants Bars Removal under 28 U.S.C. § 1441(b)(2)

Ironshore first argues removal was improper because the state court consolidated the coverage action with the underlying construction defect actions, in which several defendants are citizens of the forum state. (Mot. at 10.) According to Ironshore, the presence of these California defendants thus bars removal under 28 U.S.C. § 1441(b)(2). The state court consolidation order states: "The Court finds BC558992, BC610856 and BC614431related within the meaning of CA Rule of Court 3.300. Cases are ordered transferred forthwith to Department 62, Judge Michael Stern. The Court further orders the cases consolidated this date. Case BC 558992 is designated to be the lead case. No further pleadings shall be filed in cases BC 610856 and BC 614431." (Dkt. No. 1-9, NOR Ex. A at 2062.) Ironshore argues the state court consolidated these cases for all purposes under California Civil Code section 1048(a), and not just for purposes of trial.[2]

---

[2] California Civil Code section 1048(a) provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Everest, on the other hand, cites *Sanchez v. Superior Court*, 203 Cal. App. 3d 1391, 1396 (1988), to argue the cases could not have been consolidated for all purposes because the underlying cases do not involve "the same defendants or the same parties seeking the same relief in reciprocal actions against each other." (Opp'n at 3-4.) But *Sanchez* does not support this proposition. The California court in *Sanchez* rejected the plaintiffs' argument that two cases had been consolidated when "there were two different sets of plaintiffs who pleaded their cases separately [and] would presumably expect separate judgments," and when there was "no indication in the record that the two complaints in these actions became merged. On the contrary, the actions retained their separate numbers." *Sanchez*, 203 Cal. App. 3d at 1396. Though the court considered the different sets of plaintiffs between the two cases at issue in determining whether the cases had been consolidated, nowhere did the court state that consolidation requires the same plaintiffs or same parties. Nor does the consolidation statute require identical parties. *See* Cal. Civ. Code § 1048 (discussing only "a common question of law or fact" to support consolidation).

Everest also cites *Sanchez* for the proposition that consolidation for all purposes requires consent or stipulation by the parties. (Opp'n at 4.) The court in *Sanchez* did say as much, but in *dicta*, and the authority the court relied on actually stated the opposite: "A consolidation *for purposes of trial* does not merge the issues in separate cases when they are separate and thus change the requirement for several findings, conclusions and judgment in each case in the absence of a stipulation therefor." *Johnson v. Marr*, 8 Cal. App. 2d 312, 314 (1935) (emphasis added). Everest has cited no other authority for this requirement, and once again, the statute itself makes no mention of it.

Everest proceeds to argue the consolidation order in the state proceedings "does not provide any clear indication that all three cases were effectively being merged into a single action." (Opp'n at 5.) Everest continues, "[t]he order merely states that Case BC558992 shall be designated as the lead case and it does not state that it shall be the

sole case number which is what should have happened if the consolidation was for all purposes." (*Id.*) That is simply not the case. As quoted above, the consolidation order states: "The Court further orders the cases consolidated this date. Case BC 558992 is designated to be the lead case. No further pleadings shall be filed in cases BC 610856 and BC 614431." (Keaster Decl. Ex. 1.)

In fact, this order mirrors the language of the underlying state court order in *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 926 (9th Cir. 2015), a case which Everest unavailingly attempts to distinguish. In *Bridewell-Sledge*, the Ninth Circuit ordered that two cases the district court had considered separately for purposes of a motion to remand, but had originally been consolidated by the state court, both be remanded under the local controversy exception to CAFA jurisdiction. 798 F.3d at 933. To reach that conclusion, the Ninth Circuit considered the state court order in determining that the district court should have treated the two cases as consolidated in accordance with the state court's consolidation order when conducting the jurisdiction analysis. *See id.* at 926. Notably, the state court consolidation order contained much of the same language as the one at issue here. Specifically, "the state court granted the motion for consolidation and ordered that the *Crowder* action and the *Bridewell-Sledge* action be 'consolidated this date for all purposes.' The state court further ordered that *Crowder* would be designated the lead case, and that all future filings should be made in only that case." *Id.* Though the consolidation order here may not have *explicitly* stated the consolidation was for all purposes, as the court did in *Bridewell-Sledge*, contrary to Everest's position, there is certainly "clear indication" that all three cases were being merged into a single action. (*See* Opp'n at 5.) In particular, the state court in this case designated a lead case and instructed that no further pleadings be filed in under the other cases numbers. (Dkt. No. 1-9, NOR Ex. A at 2062.) Considering there is no other language indicating the state court intended to limit the scope of the consolidation, say for purposes of trial, it appears the state court ordered consolidation for all purposes. Tellingly, Everest never objected to

the consolidation order or asked for the state court to clarify its scope.

But perhaps confusing the issue is the state court's order to bifurcate. In January 2017, the HOA and Ironshore both filed motions to bifurcate the coverage action from the defect actions. (Dkt. No. 1-9, Ex. A at 2138-50, 2090-2107.) Ironshore argued in its motion the coverage matter should proceed to trial prior to the defect cases, while the HOA argued the opposite. (*See id.*) The court subsequently granted the HOA's motion and denied Ironshore's. (Dkt. No. 1-10, Ex. A at 2380.) The court did not clarify, however, whether it intended to completely sever the coverage case from the defect cases or whether they were bifurcated for the purposes of trial only, the latter being permitted under California Civil Code section 1048 even if the cases had originally been consolidated for all purposes.[3]

However, consistent with the state court order being one consolidating the cases for all purposes, the court dismissed all three related actions, not the coverage action alone, on March 15, 2017, after Everest filed the Notice of Removal. (Dkt. No. 9-8, Miller Decl. ¶ 38.) The HOA filed an *ex parte* application to set aside this dismissal, pointing out the court's perceived error that all of the actions in the consolidated case had been removed. (Miller Decl. ¶ 39, Ex. 21.) But the court declined to correct this error, if it in fact was an error, and grant the relief requested. (Miller Decl. ¶ 46, Ex. 22.) It appears the construction defect actions have not since been reinstated in state court. (Miller Decl. ¶ 48, Ex. 24.) These fact strongly suggest the state court at least believed it had consolidated the coverage and defect cases for all purposes. In such a case, the forum defendants named in the defect cases would bar removal of the overall consolidated action under 28 U.S.C. § 1441.

---

[3] California Civil Code section 1048(b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, or of any separate issue or of any number of causes of action or issues, preserving the right of trial by jury required by the Constitution or a statute of this state or of the United States."

But in any event, this case must be remanded. Because the record is not definitive as to whether the instant coverage action was consolidated with the defect actions, the possibility exists that several defendants are citizens of the forum state such that this case was not removable from state court. As is well-settled in the Ninth Circuit, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) ("The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand."). Thus, resolving as it must all doubts in favor of remand, the Court finds the state court ordered the three underlying cases consolidated, proceeded as though they were consolidated for all purposes when it dismissed all three cases once the Notice of Removal was filed, and refused to grant relief from the dismissal order when alerted to its alleged error.[4] Moreover, Everest served the Notice of Removal on the parties in the related construction defect cases in addition to those in this coverage case. (*See* Dkt. No. 7.) The Court therefore treats the three state courts actions as consolidated and finds the forum defendants in the defect cases render the instant case not removable.[5] The Court **GRANTS** Ironshore's Motion to Remand.

---

[4] Everest argues the state court "mistakenly interpreted the Everest Notice of Removal of Action as seeking to remove all three cases," which thus "should not have any bearing on whether the three cases were consolidated for all purposes . . . ." (Opp'n at 8.) That may well be the case, but this Court is not permitted to fill in the blanks or guess about what a state court intended to do. Nor is it an appellate court able to correct the actions of a state court. It is therefore constrained to viewing the state's courts actions, if they raise doubt about the propriety of removal, in favor of remand. Doing so in this instance suggests the state court dismissed all three actions because they were consolidated, an inference that supports remand here.

[5] The parties raise other issues relating to consolidation, including whether consolidation of the coverage and defect cases was an abuse of discretion. (*See* Opp'n at 5-6.) But the Court's resolution of these issues would necessarily have to be in favor of remand and would not further clarify the removability of this case. Accordingly, the Court declines to address them.

### B. Fees and Expenses

Ironshore seeks an award of costs and expenses incurred from the improper removal, arguing Everest failed to "advise the court of the crucial fact that this action was consolidated with two other actions," made certain allegations about PNR and Avoca they failed to support with factual evidence, and filed the Notice of Removal at the last permissible moment late in the litigation. (Mot. at 20-21.) District courts have the discretion to award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

Considering the confusing nature of the state court record, the Court finds Everest had an objectively reasonable basis for seeking removal here. Moreover, Everest did inform the Court that the state court had ordered the defect and coverage cases consolidated, and there is nothing unreasonable about filing a notice of removal within the statutory timeframe, even if towards the end of that timeframe. Accordingly, no award of costs and expenses is justified, and the Court **DENIES** Ironshore's request.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ironshore's Motion to Remand and **DENIES** its request for an award of costs and expenses. The clerk shall remand this action to Los Angeles County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: April 21, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE